# EXHIBIT A

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. **10-4298**

MIDDLESEX, ss

ANDREW R. COOPER, Plaintiff(s)

v.

KENEXA TECHNOLOGY, INC., Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon Marshall F. Newman, Newman & Newman, P.C. plaintiff's attorney, whose address is One McKinley Square, Boston, MA 02109, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Woburn, MA either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Woburn, Massachusetts the 18th day of November, in the year of our Lord ten.

_____
Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

GOOD AND SUFFICIENT SERVICE OF THE WITHIN SUMMONS, COMPLAINT, CIVIL ACTION COVER SHEET AND COUNSEL CERTIFICATION FORM IS HEREBY ACKNOWLEDGED AND ACCEPTED ON BEHALF OF THE DEFENDANT, KENEXA TECHNOLOGY, INC.

Dated: December 9, ~~THEODORE J. COLLINS~~, ESQUIRE
Brian M. Childs, 20 10

**N.B. TO PROCESS SERVER:**
   PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( ................................................, 20.......... )
( _____ )

---

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION

No. ................

................., Plff.

v.

................., Deft.

SUMMONS
(Mass. R. Civ. P. 4)

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF MIDDLESEX | DOCKET NO. _____ |
|---|---|---|
| PLAINTIFF(S) ANDREW R. COOPER | | DEFENDANT(S) KENEXA TECHNOLOGY, INC. |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

MARSHALL F. NEWMAN
NEWMAN & NEWMAN, P.C.
ONE McKINLEY SQUARE
BOSTON, MA 02109
617-227-3361   BBO #370560

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.   TYPE OF ACTION (specify)   TRACK           IS THIS A JURY CASE?

A99 Other (specify) - BREACH OF EMPLOYMENT CONTRACT - Fast Track        (•) ] Yes  ( ) ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                    $ _____
  2. Total doctor expenses                                      $ _____
  3. Total chiropractic expenses                                $ _____
  4. Total physical therapy expenses                            $ _____
  5. Total other expenses (describe)                            $ _____
                                                      Subtotal  $ _____
B. Documented lost wages and compensation to date               $ _____
C. Documented property damages to date                          $ _____
D. Reasonably anticipated future medical expenses               $ _____
E. Reasonably anticipated lost wages and compensation to date   $ _____
F. Other documented items of damages (describe)
                                                                $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                      Total $ _____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

BREACH OF EMPLOYMENT CONTRACT. FAILURE TO PAY BONUS FOR 2008 IN THE AMOUNT OF $75,400.00 AND 2009 IN THE AMOUNT OF $84,400.00.          TOTAL   $159,800

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date:  Nov 12, 2010
A.O.S.C. 3-2007                     MARSHALL F. NEWMAN

## CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative Agency G.L. c. 30A | (X |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | E03 Claims against Commonwealth or Municipality | (A |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | E05 Confirmation of Arbitration Awards | (X |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E07 G.L. c.112, s.12S (Mary Moe) | (X |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E08 Appointment of Receiver | (X |
| E03 Claims against Commonwealth or Municipality | (A) | E03 Claims against Commonwealth or Municipality | (A) | E09 General Contractor bond, G.L. c. 149, ss. 29, 29a | (A |
| | | **EQUITABLE REMEDIES** | | E11 Worker's Compensation | (X |
| *TORT | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X |
| B03 Motor Vehicle Negligence personal injury/property damage | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X |
| B04 Other Negligence- personal injury/property damage | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X |
| | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X |
| B06 Malpractice-Medical | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 178M, s. 6 | (X |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | E25 Plural Registry (Asbestos cases) | |
| B08 Wrongful Death, G.L. c.229, s.2A | (A) | D99 Other (Specify) | (F) | E95 **Forfeiture G.L. c. 94C, s. 47 | (F |
| B15 Defamation (Libel-Slander) | (A) | | | E96 Prisoner Cases | (F |
| B19 Asbestos | (A) | | | E97 Prisoner Habeas Corpus | (X |
| B20 Personal Injury- slip & fall | (F) | | | E99 Other (Specify) | (X |
| B21 Environmental | (F) | | | | |
| B22 Employment Discrimination | (F) | | | | |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes    [ ] |

### SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.
SUPERIOR COURT
CIVIL ACTION NO. 10-4298

ANDREW R. COOPER, )
)
    Plaintiff, )
)
v. )
)
KENEXA TECHNOLOGY, INC., )
)
    Defendant. )
)

# COMPLAINT

1. The plaintiff is of Beverly Farms, Essex County, Massachusetts.

2. The defendant is a foreign corporation organized under the laws of the Commonwealth of Pennsylvania; it has a usual place of business within the Commonwealth of Massachusetts at 343 Winter Street, Waltham, Middlesex County, Massachusetts.

3. The plaintiff entered into an Employment Agreement with a company named "BrassRing, Inc." ("the Employment Contract").

4. Under the Employment Contract, the plaintiff was to serve as Chief Information officer of BrassRing and was to receive a base salary of

One Hundred Sixty-Six Thousand ($166,000.00) Dollars and a year-end bonus equal to thirty (30%) percent of his base salary or Forty-Nine Thousand Eight Hundred ($49,800.00) Dollars.

5. After several years, plaintiff's annual base salary increased to One Hundred Seventy-Eight Thousand ($178,000.00) Dollars and an annual bonus of Fifty-Three Thousand Four Hundred ($53,400.00) Dollars.

6. During calendar 2006, BrassRing was acquired by the defendant.

7. After the defendant acquired BrassRing, the plaintiff remained as Chief Information Officer of the defendant, with the same salary and bonus.

8. In November 2006, defendant approached the plaintiff and offered him a Thirty-Six Thousand ($36,000.00) Dollar increase in his year-end bonus if he would accept an Eighteen Thousand ($18,000.00) Dollar reduction in base salary.

9. According to the defendant, the defendant would conduct a year-end review and, if the plaintiff were to meet his performance goals, the plaintiff would receive his year-end bonus in full.

10. The plaintiff agreed to the defendant's proposal, and his base salary was accordingly reduced by Eighteen Thousand ($18,000.00) Dollars.

11. During 2007, the plaintiff met or exceeded all of the performance goals which the plaintiff and the defendant had jointly established for him.

12. Though it did not conduct a formal year-end review, the defendant determined that the plaintiff had indeed met or exceeded those performance goals for 2007 and, accordingly, paid the plaintiff his year-end bonus of Eighty-Nine Thousand Four Hundred ($89,400.00) Dollars.

13. In 2008, the plaintiff again met or exceeded all of his performance goals.

14. As a result of having achieved those performance goals, the plaintiff was entitled to receive his full bonus of Eighty-Nine Thousand Four Hundred ($89,400.00) Dollars.

15. In violation of the agreement between the parties, the defendant (a) did not conduct the 2008 review until February, 2009 and (b) paid the plaintiff only Fourteen Thousand ($14,000.00) Dollars in bonus for 2008, leaving a balance due him of Seventy-Five Thousand Four Hundred ($75,400.00) Dollars for calendar year 2008.

16. In 2009, the plaintiff yet again met or exceeded the performance goals which had been established by the defendant in conjunction with the plaintiff.

17. As a result of the plaintiff having achieved those performance goals, the defendant was obligated to pay to the plaintiff the sum of Eighty-Nine Thousand Four Hundred ($89,400.00) Dollars as a year-end bonus.

18. In breach of the agreement between the plaintiff and the defendant, the defendant (a) conducted no year-end performance review and (b) unilaterally and arbitrarily decided to pay the plaintiff only Five Thousand ($5,000.00) Dollars of his year-end bonus for 2009, leaving a balance due the plaintiff for his 2009 year-end bonus of Eighty-Four Thousand Four Hundred ($84,400.00) Dollars.

19. In April 2010, the plaintiff requested the defendant to pay him the balance due him for his year-end bonus for calendar year 2008 and 2009.

20. The defendant stated to the plaintiff that it would "look into it" and would contact him with its answer.

21. On May 12, 2010, instead of advising the plaintiff when he would be paid the balance of his year-end bonus for 2008 and 2009, the defendant abruptly fired the plaintiff.

22. The plaintiff has sustained damages as a direct consequence of the defendant's breach of contract.

**WHEREFORE,** plaintiff prays that this Court determine the amount of damages sustained by the plaintiff as a proximate result of the defendant's breach of contract and that it enter judgment in that amount together with interest thereon from the date of breach and that the plaintiff be awarded his costs of this action.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY.**

ANDREW R. COOPER,
By his attorney,

_____
Marshall F. Newman
BBO #370560
NEWMAN & NEWMAN, P.C.
One McKinley Square
Boston, MA   02109
(617) 227-3361
mnewman@newmanlegal.com

DATED:   November 11, 2010